O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GUSTAVO PAEZ,                                    )    Case No. EDCV 14-1744-KK
                                                 )
                    Plaintiff,                   )
                                                 )    MEMORANDUM AND ORDER
        v.                                       )
                                                 )
CAROLYN W. COLVIN, Acting                        )
Commissioner of Social Security,                 )
                                                 )
                    Defendant.                   )
_____ )

        Plaintiff Gustavo Paez seeks review of the final decision of the Commissioner of
the Social Security Administration ("Commissioner" or "Agency") denying his
applications for Title II Disability Insurance Benefits ("DIB") and Title XVI
Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of
the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the
reasons stated below, the Commissioner's decision is REVERSED and this action is
REMANDED for further proceedings.


**I.**

**PROCEDURAL HISTORY**

        On August 25, 2011, Plaintiff filed separate applications for DIB and SSI.
Administrative Record ("AR") at 10. The applications were denied initially on
September 22, 2011, and upon reconsideration on April 16, 2012. Id.

1

On May 8, 2012, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). <u>Id.</u> On February 5, 2013, a hearing was held, before ALJ Mark B. Greenberg, at which Plaintiff was represented by counsel. <u>Id.</u> On March 26, 2013, the ALJ issued a decision denying Plaintiff's applications. <u>Id.</u>

On April 9, 2013, Plaintiff asked the Agency's Appeals Council to review the ALJ's decision. <u>Id.</u> at 5. On July 25, 2014, the Appeals Council denied Plaintiff's request for review. <u>Id.</u> at 1.

On August 22, 2014, Plaintiff initiated the instant action. ECF No. 1. This matter is before the Court on the parties' Joint Stipulation ("JS"), filed June 5, 2015, which the Court has taken under submission without oral argument. ECF No. 18.

**II.**

**STANDARD FOR EVALUATING DISABILITY**

In order to qualify for DIB or SSI, a claimant must demonstrate a medically determinable physical or mental impairment that (1) prevents the claimant from engaging in substantial gainful activity, and (2) is expected to result in death or to last for a continuous period of at least twelve months. <u>Reddick v. Chater</u>, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing past relevant work and incapable of performing any other substantial gainful work that exists in the national economy. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1)    Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2)    Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3)    Does the claimant's impairment meet or equal one of the specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the

2

claimant is found disabled.  If not, proceed to step four.[1]

(4)     Is the claimant capable of performing past relevant work?  If so, the claimant is found not disabled.  If not, proceed to step five.

(5)     Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry.  Id. at 954.  If, at step four, the claimant meets the burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience.  Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

### III.

### THE ALJ'S DECISION

At step one, the ALJ found Plaintiff "has not engaged in substantial gainful activity since December 22, 2006, the alleged onset date."  AR at 13 (citations omitted).  At step two, the ALJ found Plaintiff "has the following severe impairments:  degenerative disc disease; degenerative joint disease; sprain/strain; history of chest contusion; obesity; knee

---

[1] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]."  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)).  In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

injuries; impingement; and bursitis." <u>Id.</u> (citations omitted).  At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  <u>Id.</u> at 14.

Before reaching step four, the ALJ found "the claimant has the [RFC] to perform sedentary work . . . ; and the claimant can occasionally climb stairs and ramps, stoop, kneel, crouch, and crawl, frequently perform gross and fine manipulation with bilateral upper extremities; and frequently reach with bilateral upper extremities, except as otherwise stated.  Additionally, the claimant is precluded from climbing ladders, ropes, and scaffolds; overhead reaching with bilateral upper extremities; reaching over the shoulder on the right; working near hazards; concentrated exposure to extreme cold or vibration; walking on uneven terrain; and balancing.  Finally, the claimant must use a cane for ambulation and is limited to unskilled work due to pain." <u>Id.</u>

At step four, the ALJ found Plaintiff is "unable to perform any past relevant work." <u>Id.</u> at 17 (citations omitted).  At step five, the ALJ found Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including as an order clerk, a charge account clerk, and an assembler.  <u>Id.</u> at 17-18.


## IV.

## **DISPUTED ISSUES**

The following issues are in dispute:

1.     Whether the ALJ properly considered Plaintiff's testimony and made proper credibility findings.

2.     Whether the ALJ properly considered if the Plaintiff meets or equals listing 1.04.

3.     Whether the ALJ fully and fairly developed the record.

JS at 3.  The Court finds the first issue dispositive of this matter, and thus "decline[s] to reach [Plaintiff's] alternative ground[s] for remand."  <u>Hiler v. Astrue</u>, 687 F.3d 1208,

1   1212 (9th Cir. 2012); <u>see also</u> <u>Augustine ex rel. Ramirez v. Astrue</u>, 536 F. Supp. 2d 1147,

2   1153 n.7 (C.D. Cal. 2008) ("[T]his Court need not address the other claims plaintiff

3   raises, none of which would provide plaintiff with any further relief than granted, and all

4   of which can be addressed on remand.").

5

6                                              **V.**

7                                        **DISCUSSION**

8            The parties dispute whether the ALJ properly considered Plaintiff's testimony and

9   made proper credibility findings.  JS at 3.

10

11  **A.      Background**

12           The ALJ found Plaintiff's "statements concerning the intensity, persistence and

13  limiting effects of [his] symptoms are not supported by the record as a whole."  AR at 15.

14  The ALJ provided the following explanation for this finding:

15                      Despite his impairments, the claimant admitted activities of daily

16                      living, including performing personal care activities, such as dressing

17                      and bathing, independently.  Treatment has been essentially routine

18                      and conservative in nature.  Nor is there evidence of ongoing use of

19                      medications of a potency commensurate with allegations of disability.

20

21                      One of the claimant's physicians noted the claimant demonstrated

22                      prophylactic concerns regarding his functional capabilities and had the

23                      "disability mindset" thinking that impeded the return to work process

24                      (Ex. B5F).

25  AR at 16.

26           Plaintiff contends the ALJ erred by failing to identify which of Plaintiff's

27  statements he found not credible.  JS at 4.  Plaintiff further contends the ALJ erred by

28  failing to provide clear and convincing reasons for discounting Plaintiff's credibility.  <u>Id.</u>

                                                 5

at 5.  The Agency does not address Plaintiff's first contention – *i.e.*, that the ALJ failed to identify which of Plaintiff's statements he found not credible – but argues the ALJ provided sufficient reasons for discounting Plaintiff's credibility.  See id. at 7 ("[T]he ALJ's reasons suffice under any standard.").

**B.    Relevant Law**

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis."  Molina, 674 F.3d at 1112 (citation omitted).  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  Id. (citations and internal quotation marks omitted).  "If the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear, and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms."  Id. (citations and internal quotation marks omitted).  "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ."  Id. (citations and internal quotation marks omitted).

"In evaluating the claimant's testimony, the ALJ may use ordinary techniques of credibility evaluation."  Id. (citations and internal quotation marks omitted).  "For instance, the ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct; unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and whether the claimant engages in daily activities consistent with the alleged symptoms . . . ."  Id. (citations and internal quotation marks omitted).

"General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) (citation and internal quotation marks omitted).  This Court "may not take a general finding" by the ALJ – such as "an

1   unspecified conflict between [a claimant's] testimony about daily activities and her

2   reports to doctors" – and "comb the administrative record to find specific conflicts." Id.

3   (noting courts are "constrained to review the reasons the ALJ asserts") (citation and

4   internal quotation marks omitted); see also Regennitter v. Comm'r of Soc. Sec. Admin.,

5   166 F.3d 1294, 1297 (9th Cir. 1999) (faulting ALJ for determining claimant's complaints

6   were "inconsistent with clinical observations" without specifying "what complaints are

7   contradicted by what clinical observations") (citation omitted).

8

9   **C.   Application**

10      The Court finds the ALJ did not make proper credibility findings.  While the ALJ

11  made general credibility findings, he erred in failing to specify which portions of

12  Plaintiff's testimony he did not credit.  See Burrell, 775 F.3d at 1138; Regennitter, 166

13  F.3d at 1297.

14      In addition, the ALJ erred in discounting Plaintiff's overall claim of disability due

15  to his "admitted activities of daily living, including performing personal care activities,

16  such as dressing and bathing, independently."  AR at 16.  The Court is not aware of any

17  authority stating the mere ability to dress and bathe carries significant weight in

18  evaluating a claim of disability.  On the contrary, Ninth Circuit precedent permits eligible

19  claimants to be able to care for themselves.  See Vertigan v. Halter, 260 F.3d 1044, 1050

20  (9th Cir. 2001) ("One does not need to be utterly incapacitated in order to be disabled.")

21  (citation and internal quotation marks omitted).  If the ALJ found Plaintiff's other daily

22  activities, in combination with his ability to dress and bathe, detracted from his overall

23  claim of disability, then the ALJ was required to identify those other activities.  This

24  Court may not "comb the administrative record" to determine which other daily activities

25  the ALJ might have been considering when he decided to discount Plaintiff's credibility.

26  Burrell, 775 F.3d at 1138.

27      For the Court to find an ALJ's error harmless, it must be "clear from the record

28  that the ALJ's error was inconsequential to the ultimate nondisability determination."

1  Garcia v. Comm'r of Soc. Sec., 768 F.3d 925, 932 (9th Cir. 2014) (citations and internal

2  quotation marks omitted).  Here, it is not clear from the record that the ALJ's errors were

3  inconsequential to the ultimate nondisability determination.  Thus, remand for further

4  proceedings is appropriate.[2]

5

6  **VI.**

7  **CONCLUSION**

8  IT IS THEREFORE ORDERED that judgment be entered reversing the decision of

9  the Commissioner and remanding this case for further proceedings.

10

11

12  DATED:  June 25, 2015

   _____

13  HON. KENLY KIYA KATO
   United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24  _____

25  [2] Plaintiff seeks remand for immediate payment of benefits.  JS at 6.  The Court finds
   remand for immediate payment of benefits inappropriate in this case.  See Treichler v.
26  Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1100-02 (9th Cir. 2014) (articulating test
   for the "rare circumstances that allow" courts to remand to the Agency for immediate
27  payment of benefits, rather than for "additional investigation or explanation") (citations
   and internal quotation marks omitted).
28

8